IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

BELINDA MUHAMMAD,                )
                                 )
          Plaintiff,             )
                                 )
v.                               )        No. 2:09-2573-JPM/dkv
                                 )
ADVANCED SERVICES, INC.,         )
                                 )
          Defendant.             )

---

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
DENYING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION, AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT**

---

Before the Court is the Report and Recommendation (Docket
Entry ("D.E.") 29) of Magistrate Judge Diane K. Vescovo,
submitted August 24, 2010, recommending that the Court dismiss
the case[1] and that the parties be compelled to proceed before an
arbitrator pursuant to the Alternate Dispute Resolution Policy
Agreement ("Agreement").  Plaintiff Belinda Muhammad
("Plaintiff") filed a timely objection to the Magistrate Judge's
Report and Recommendation on September 7, 2010.  (D.E. 30.)
Defendant Advanced Services, Inc. ("ASI") filed a reply on
September 16, 2010.  (D.E. 31.)  For the reasons discussed

---

[1] Because the Court relied on evidence outside the pleadings, ASI's Motion to
Dismiss and Compel Arbitration (D.E. 5) is treated as a Motion for Summary
Judgment.  See Fed. R. Civ. P. 12(d).

1

below, the Court ADOPTS the Magistrate Judge's Report and
Recommendation in its entirety.

## I. Background

The Magistrate Judge's Report and Recommendation contains a
thorough discussion of the facts underlying this case.  The
Court briefly recites the following relevant facts.

Plaintiff worked for ASI's Memphis, Tennessee facility from
March 28, 2006 until March 20, 2009.  (Compl. 2 (D.E. 1).)  On
March 29, 2006, Plaintiff signed the Agreement which states,
inter alia, that Plaintiff "shall use the . . . Alternate
Dispute Resolution Program (ADRP) as the exclusive means to
resolve certain legal claims related to my employment."  (Def.'s
Brief in Supp. of Mot. to Dismiss ("Def.'s Brief") Ex. 5-3 at 1
(D.E. 5-1).)  The Agreement requires that all "[e]mployment
discrimination and harassment claims based on . . . religion" be
subject to arbitration.  (Id. at 9.)  Moreover, the Agreement
also requires that "[a]ny dispute concerning the formation,
applicability, interpretation, or enforceability of this
Agreement" be subject to arbitration.  (Id. ¶ 6.)

Plaintiff, who is a Muslim, alleges that she was
discriminated against because of her faith.  (Compl. 3-5.)
Plaintiff first filed a charge of discrimination with the Equal
Employment Opportunity Commission ("EEOC").  (Id. at 7.)  While
the EEOC investigation was pending, Plaintiff claims that she

was again the victim of religious discrimination. (Id.)
Plaintiff filed the instant suit on September 3, 2009. (D.E.
1.)  Plaintiff alleges retaliation and religious discrimination
by ASI. (Compl. 7-8.)  Plaintiff also argues that ASI breached
her "implied employment contract" and that an ASI employee
slandered and defamed her. (Id. at 8-9.)

Defendant contends that Plaintiff's suit should be
dismissed because Plaintiff's only remedy is to pursue her
claims through binding arbitration pursuant to the Agreement.
(Def.'s Mot. to Dismiss 1 (D.E. 5).)  Plaintiff counters that
the Agreement is invalid because she was fraudulently induced
into signing the Agreement. (Pl.'s Opp'n to Def.'s Mot. to
Dismiss ("Pl.'s Opp'n") 2 (D.E. 7).)  Plaintiff claims that an
ASI employee named "Rosie Burnette" was responsible for the
alleged fraudulent inducement. (Pl.'s Supplemental Aff. 3 (D.E.
14-2).)  According to ASI's employment records, no one named
"Rosie Burnette" has ever worked for ASI. (Aff. of Jill
Sullivan (D.E. 17).)

**II. Standard of Review**

The standard of review used by the Court in examining a
Report and Recommendation is set forth in 28 U.S.C. § 636.  The
Court "shall make a de novo determination of those portions of
the report or specified proposed findings or recommendations to
which objection is made."  Id. § 636(B)(1)(c).  The Court "may

3

accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

## III. Analysis

After de novo review, the Court ADOPTS the Magistrate Judge's Report and Recommendation.

Plaintiff raises two objections to the Report and Recommendation. First, Plaintiff specifically challenges the "entire arbitration agreement . . . on the grounds of fraud in the factum." (Pl.'s Objection to Magistrate Judge's Order ("Pl.'s Obj.") 2 (D.E. 30).) Second, Plaintiff asserts that the Magistrate Judge "failed to address Plaintiff [sic] jury trial claim." (Id. at 4.) The Court notes that Plaintiff's objections merely recycle arguments from Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint and Compel Arbitration. (See generally Pl.'s Opp'n.) Nevertheless, the Court addresses both of Plaintiff's objections below.

Plaintiff argues that fraud vitiates the Agreement. (Id.) The Magistrate Judge squarely rejected this argument. (See Report and Recommendation ("Rep. & Rec.") 9 (D.E. 29).) ("Muhammad's allegation of fraudulent inducement speaks to the Agreement as a whole and not the specific provision requiring the parties . . . to [submit to] arbitration."). In rejecting Plaintiff's argument, the Magistrate Judge relied heavily on a recent Supreme Court case, Rent-A-Center, W., Inc. v. Jackson,

4

130 S. Ct. 2772 (2010).  The Court has examined Rent-A-Center and reaches the same conclusion as the Magistrate Judge, namely, that Plaintiff's claim of fraudulent inducement does not preclude the Court from compelling arbitration.  See 130 S. Ct. at 2778 ("[A] party's challenge to . . . the contract as a whole . . . does not prevent a court from enforcing a specific agreement to arbitrate.").  Plaintiff challenges "the arbitration agreement on the grounds of fraud in the factum in its entirety . . . ."  (Pl.'s Obj. 4.)  It is precisely because Plaintiff challenges the Agreement "in its entirety" that the Court must compel arbitration.  Any other result would be contrary to the Supreme Court's holding in Rent-A-Center.

Plaintiff also contends that the Magistrate Judge failed to address Plaintiff's "right to trial by jury under the Seventh Amendment to the United States Constitution."  (Id. at 6.)  The Court observes that the Magistrate Judge did not ignore Plaintiff's civil jury argument.  Instead, the Magistrate Judge correctly reasoned that Plaintiff's argument is mooted by the fact that the parties must arbitrate their dispute.  (Rep. & Rec. 10.)

## IV. Conclusion

The Court has reviewed the Magistrate Judge's Report and Recommendation and the record in this case.  Upon de novo review, the Court ADOPTS the Magistrate Judge's Report and

Recommendation in its entirety.  Accordingly, the Court DENIES

Plaintiff's objections to the Magistrate Judge's Report and

Recommendation, GRANTS ASI's Motion for Summary Judgment, and

ORDERS the parties to proceed before an arbitrator pursuant to

the Agreement.

IT IS SO ORDERED this 28th day of September, 2010.


_/s/ Jon P. McCalla_____
JON P. McCALLA
CHIEF U.S. DISTRICT JUDGE